United States District Court
Southern District of Texas
**ENTERED**
October 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BETTY J. PARRIMORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:26-cv-32 |
| | § | |
| GALVESTON COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Before the court is United States Magistrate Judge Andrew M. Edison's memorandum opinion, order, and recommendation ("the M&R"). Dkt. 28. The court adopts the M&R dismissing the defendant's motion to dismiss (Dkt. 24) and grants the plaintiff leave to amend until Wednesday, November 4, 2026.

On February 5, 2026, all pretrial matters in this case were referred to Judge Edison under 28 U.S.C. § 636(b)(1). Dkt. 4. On August 31, 2026, Judge Edison filed the M&R recommending that the court grant the defendants' motion to dismiss (Dkt. 24). Dkt. 28. On September 21, 2026, Plaintiff timely filed her objections to the M&R. Dkt. 33. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed

findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the M&R; the pleadings; and the record. The court accepts the M&R and adopts it as the opinion of the court.

The plaintiff objects that Judge Edison should have considered exhibits attached to her response to the defendants' motion to dismiss. This objection is overruled because the plaintiff did not sufficiently identify in her pleading any of the documents that she believes Judge Edison should have considered. On a motion to dismiss, a district court may consider evidence outside the pleadings only when the evidence is "a referent of the petition." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *see also Hodge v. Engleman*, 90 F.4th 840, 844 (5th Cir. 2024) (holding that the district court erred in considering evidence that the plaintiff "did not attach . . . to the pleadings, nor did the pleadings refer to the [evidence] sufficiently to incorporate them").

In her complaint, the plaintiff alleges: "On August 18, 2023, Defendant emailed a letter to Plaintiff stating Plaintiff had failed to file withdrawals on

at least 7 appointed cases," and the letter "also contained accusations that Plaintiff had deceptively caused Defendant, Galveston County money for attending a Continued Legal Education." Dkt. 23 at 3. The plaintiff faults Judge Edison for not considering a June 29, 2023 memo that the plaintiff identified in her pleading as "Defendant Wooten's August 18, 2023, letter." Dkt. 33 at 3. The June 29, 2023 memo—in addition to not being an emailed letter dated August 18, 2023—makes no mention of CLE. There is simply nothing that would have made Judge Edison think that the June 29, 2023 memo was the same August 18, 2023 emailed letter that the plaintiff referenced in her complaint. The plaintiff's explanation about why these documents are one in the same, offered in response to a motion to dismiss, does not cure this pleading defect. Similarly, if the plaintiff wanted the court to consider documents from other cases in connection with her pleading, then the plaintiff should have identified those cases by their case name and number, and she should have identified the relevant case documents by their dates.

Although the court overrules the plaintiff's objection regarding evidence, the court will give the plaintiff leave to amend her complaint one final time. *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024) ("Normally, plaintiffs

facing a motion to dismiss go through a process of receiving briefing from the movant, conducting research and submitting opposing briefing to the district court, and finally receiving a ruling identifying potential flaws in their original complaint."). In amending her complaint, the plaintiff should remember that this court "cannot accord [an attorney] the advantage of the liberal construction of his complaint normally given pro se litigants, because he is a licensed attorney." *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) (cleaned up). Because the plaintiff is a licensed attorney, she should know that if she wants the court to consider documents at the pleading stage, she should either include them with her pleading or clearly refer to them in her pleading.

Finally, the plaintiff does not object to Judge Edison's recommendation that the Galveston County Mental Health Public Defender's Office should be dismissed because it is not a juridical entity that is capable of being sued. Nor does the plaintiff meaningfully object to Judge Edison's recommendation that her FMLA harassment/hostile work environment claim be dismissed because it is not a recognized cause of action. Instead, the plaintiff argues "that severe, pervasive workplace harassment is fully actionable as an adverse element of an FMLA retaliation claim." Dkt. 33 at 13. The plaintiff fails to contest, however, Judge Edison's

conclusion that there is no standalone cause of action for harassment or hostile work environment under the FMLA.

It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation (Dkt. 28) is approved as the court's opinion;

(2) The defendants' motion to dismiss (Dkt. 24) is granted;

(3) The clerk is instructed to terminate the Galveston County Mental Health Public Defendant's Office as a defendant in this case; and

(4) The plaintiff has until Wednesday, November 4, 2026, to amend her FMLA interference and FMLA retaliation claims as to Defendants Thomas Wooten and Galveston County.

Signed on Galveston Island this 5th day of October, 2026.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE